**DANIEL CHAPTER ONE, a corporate sole and James Feijo, individually, and as Officer of Daniel Chapter One, Petitioners**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

No. 10–1064.

United States Court of Appeals, District of Columbia Circuit.

Dec. 10, 2010.

Rehearing En Banc Denied Feb. 16, 2011.

Herbert W. Titus, John Stewart Miles, Esquire, William Jeffery Olson, Esquire, William J. Olson, PC, Vienna, VA, for Petitioners.

Lawrence Demille–Wagman, John F. Daly, Esquire, Federal Trade Commission, Office of Policy Planning, Washington, DC, for Respondent.

Before: GINSBURG, HENDERSON and KAVANAUGH, Circuit Judges.

### JUDGMENT

This petition was considered on the record from the Commission and on the briefs and the oral arguments of the parties. Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons stated in the accompanying memorandum, it is

**ORDERED** and **ADJUDGED** that the petition for review of the Order be denied.

The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

For the reasons set forth in this memorandum, we deny the petition filed by Daniel Chapter One and James Feijo (together, DCO) for review of the Federal Trade Commission's order.

First, the Commission properly exercised jurisdiction over DCO. Contrary to DCO's argument that its formal legal status as a religious "corporation sole" under Washington law prevents the FTC from regulating its advertisements, the jurisdictional inquiry properly focuses upon the

substance of DCO's activities. *See Cal. Dental Ass'n v. FTC,* 526 U.S. 756, 766–68, 119 S.Ct. 1604, 143 L.Ed.2d 935 (1999); *Cmty. Blood Bank v. FTC,* 405 F.2d 1011, 1018–19 (8th Cir.1969). Because DCO operates, in substance, as a for-profit entity generating sales revenue and providing "far more than *de minimis* or merely presumed economic benefits" to Feijo and his wife, the Commission had jurisdiction. *See Cal. Dental Ass'n,* 526 U.S. at 767–68, 119 S.Ct. 1604.

Second, the Commission did not exceed its statutory authority by requiring DCO to have a reasonable basis for its claims. *See Thompson Med. Co., Inc., v. FTC,* 791 F.2d 189, 193 (D.C.Cir.1986)("in general an advertisement is considered deceptive if the advertiser lacks a 'reasonable basis' to support the claims made in it"). Nor is there anything unreasonable about the specific type of basis required by the Commission, namely, "competent and reliable scientific evidence" including clinical trials with human subjects. Contrary to DCO's claim the FTC is "raising the bar" as to the type of support necessary for a reasonable basis, Pet'r Br. at 30, the Commission applied the analysis it has consistently used and which this court approved in *Thompson Medical,* 791 F.2d at 195. The Commission's published compliance guide, moreover, gave notice that a reasonable basis for a claim concerning a dietary supplement consists of scientific evidence, including clinical trials. *See* FTC, *Dietary Supplements: An Advertising Guide for Industry* (April 2001).[1] As noted in the guide, the Commission generally relies upon experts for evidence of the "accepted norms in the relevant field," *id.,* and the expert testimony before the Commission in the present case supports the type of substantiation it required of DCO.

We are not persuaded by DCO's complaint that the Commission has, on appeal, newly relied upon consumer impressions. The factors described in the guide and in the FTC's precedents, and applied by the Commission here, clearly focus upon what a message will "convey to consumers." *Id.; see also In re Pfizer, Inc.,* 81 F.T.C. 23 (1972). Because it is undisputed DCO did not support its claims with "competent and reliable scientific evidence" including clinical trials with human subjects, the Commission properly concluded DCO's advertisements were deceptive for want of a reasonable basis.

Finally, DCO's arguments based upon the Constitution and the Religious Freedom Restoration Act are wholly without merit. Deceptive commercial speech is entitled to no protection under the First Amendment and, even if it were, that would not preclude the Commission's order, which is carefully tailored to protect DCO's clientele from deception. *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n,* 447 U.S. 557, 563–64, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980); *Novartis Corp. v. FTC,* 223 F.3d 783, 788–89 (D.C.Cir.2000). The Establishment Clause claim is based upon a faulty premise because "scientism" is not a religion. *Cf. Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521–22 (9th Cir.1994) ("neither the Supreme Court, nor this circuit, has ever held that evolutionism or secular humanism are 'religions'"). As for the RFRA claim, neither evidence nor logic supports DCO's argument that religious tenets prevented sending its customers a letter with a message clearly attributed to the FTC.

---

1. *Available at* http://business.ftc.gov/ documents/bus09–dietary-supplements– advertising–guide–industry (visited Nov. 24, 2010).